F I L E D
United States Court of Appeals
Tenth Circuit

August 5, 2005

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CENTURY INDEMNITY COMPANY,

        Plaintiff-Appellant,

and

VOEST-ALPINE SERVICES &
TECHNOLOGIES CORPORATION,

        Plaintiff-Intervenor,

v.

HANOVER INSURANCE
COMPANY; PACIFIC INSURANCE,
LTD.,

        Defendants,

and

HARTFORD INSURANCE
COMPANY,

        Defendant-Appellee.

--------------------------------------------

No. 02-4180

CENTURY INDEMNITY,

      Plaintiff,

and

VOEST-ALPINE SERVICES &
TECHNOLOGIES CORPORATION,

      Plaintiff-Intervenor-
Appellee,

v.

HANOVER INSURANCE
COMPANY,

      Defendant,

and

HARTFORD INSURANCE
COMPANY,

      Defendant-Appellee,

PACIFIC INSURANCE, LTD.,

      Defendant-Cross-
Claimant-Appellant.

No. 02-4190

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. No. 97-CV-925-K)**

Paul M. Belnap (Andrew D. Wright, with him on the briefs), Strong & Hanni, Salt Lake City, Utah, for Plaintiff-Appellant.

Rebecca L. Hill, Christensen & Jensen, P.C., Salt Lake City, Utah, for Defendant-Appellee.

---

Before **BRISCOE**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I.    Introduction

Acting through their insured, Mountain States Steel, Inc. ("Mountain States"), Appellants Century Indemnity Company ("Century") and Pacific Insurance Limited ("Pacific") brought a subrogation action against Voest-Alpine Services & Technologies Corporation ("VAST") in Utah state court. Appellants' claims arose pursuant to the terms of a lease agreement entered into between Mountain States and VAST. The state court concluded that Appellants' claims were barred by a waiver of subrogation clause contained in the lease agreement and judgment was entered in favor of VAST. *Bakowski v. Mountain States Steel, Inc.*, 52 P.3d 1179, 1188 (Utah 2002). Before the conclusion of the state proceeding, Appellants filed a federal lawsuit against VAST's insurers, Hartford Insurance Company ("Hartford") and Hanover Insurance Company ("Hanover") seeking contribution for

amounts Appellants paid to settle the personal injury claims asserted against Mountain States. The district court granted summary judgment to Hartford and Hanover, concluding that Appellants' claims were barred by the doctrine of *res judicata*. The district court entered a final order and this appeal followed. Exercising jurisdiction pursuant to 18 U.S.C. § 1291, we **reverse** the grant of summary judgment to Hartford[1] and **remand** for further proceedings.

## II.    Factual Background

In 1994, Mountain States and VAST entered into a lease agreement (the "Lease Agreement") which governed VAST's lease of a manufacturing facility owned by Mountain States. Pursuant to the terms of the Lease Agreement, VAST was required to obtain insurance, insuring Mountain States against any liability arising out of the ownership, use, occupancy, or maintenance of the leased premises. On March 4, 1994, two of VAST's employees, Alfonse Ramirez and Mark Bakowski, were injured while completing improvements to the leased premises. Both Ramirez and Bakowski asserted claims against Mountain States. Mountain States tendered defense of the claims to VAST and VAST notified its insurers, Hartford and

---

[1]Appellants' claims against Hanover have been settled and Hanover has been dismissed from this appeal.

Hanover of the tender. When neither Hartford nor Hanover accepted the tender, Mountain States' primary insurer, Pacific, defended the claims. The Ramirez claim was settled for $1,182,500.[2] Bakowski, however, filed a lawsuit in Utah state court. Century eventually settled the Bakowski claims for $503,714.

Century and Pacific, under Mountain States' name, then filed third-party claims in Utah state court against VAST for breach of contract and indemnification, seeking to recover the amounts they paid to settle the Ramirez and Bakowski claims. VAST defended the third-party claims, arguing that at the time of the accident the Lease Agreement had not commenced and, thus, its obligation to procure insurance likewise had not yet commenced. The state court granted summary judgment in favor of Mountain States on the issue, concluding that the lease commenced on March 1, 1994. *See Bakowski*, 52 P.3d at 1182. The court, however, subsequently concluded that a "waiver of subrogation" provision contained in the Lease Agreement barred the claims for damages. *See id*. The Supreme Court of Utah affirmed the trial court's rulings. *Id*. at 1185, 1188.

---

[2]Pacific paid its $1,000,000 policy limit to settle the Ramirez claim. Mountain States' excess insurer, Century, contributed the remaining $182,500.

Before the final resolution of the Utah state proceedings, Century and Pacific filed this action in federal court against Hanover and Hartford. When a conflict arose between Century and Pacific over apportionment of settlement proceeds, Century filed a Second Amended Complaint under its own name, adding Pacific as a defendant and requesting declaratory relief that Century has priority over Pacific as to recovery of any insurance proceeds. Pacific then filed a cross-claim against Hanover and Hartford, asserting the same causes of action against Hanover and Hartford as Century asserted in its Second Amended Complaint.

Century moved for summary judgment on its contribution and indemnification claims against Hartford and Hanover. Specifically, Century alleged that: (1) Hanover and Hartford were required to participate in the indemnification and defense costs associated with the Ramirez and Bakowski claims, (2) Hanover and Hartford breached their insurance contracts by failing to contribute to the indemnification and defense of the Ramirez and Bakowski claims, (3) Hanover and Hartford were obligated to defend and indemnify Mountain States before Century was obligated to do so, (4) the waiver of subrogation clause contained in the Lease Agreement does not bar Century's claims against Hanover and Hartford, and (5) Century is entitled to full reimbursement of its costs before Pacific receives any portion of the

Hanover and Hartford proceeds. Pacific joined Century's motion as to all but the last argument.

Hanover and Hartford filed a cross-motion for summary judgment, arguing that Century and Pacific were barred from pursuing their federal suit by the doctrine of *res judicata*. The district court granted the cross-motion and entered a final judgment in favor of Hanover and Hartford. Century and Pacific then brought these appeals.

## III. Discussion

### A. Standard of Review

This court reviews a grant of summary judgment *de novo*, applying the same legal standards as the district court. *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Pursuant to Utah law, the doctrine of *res judicata* bars a claim if the current suit and the prior suit satisfy three requirements: (1) both cases must involve the same parties or their privies, (2) the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first suit, and (3) the first suit must have resulted in a final judgment on the merits. *Macris & Assocs., Inc. v. Neways, Inc.*, 16 P.3d 1214, 1219 (Utah 2000). Appellants do not dispute that the third prong of the *res judicata* test has been met in this case, but they argue

that the district court erred when it concluded that the state and federal actions involve the same parties or their privies and that the claims raised in the federal action were presented in the state action or should have been raised in the state action. They also argue that Hartford acquiesced to the maintenance of separate suits and, consequently, should be precluded from asserting the doctrine of *res judicata* as a defense in the federal action. We agree with Appellants that the district court erred when it concluded that the state and federal cases involved the same parties or their privies and, accordingly, resolve these appeals on that basis.

B.    *Privity*

The district court concluded that the first requirement of Utah's claim preclusion doctrine was met because Century and Pacific, while not named parties in the state action, brought that suit as a subrogation action in Mountain States' name and, thus, they had a "close identity of interest." The court further concluded, without any explanation or analysis that "VAST was in privity with Hartford and Hanover."

"The legal definition of a person in privity with another, is a person so identified in interest with another that he represents the same legal right. Thus, privity depends mostly on the parties' relationship to the subject matter of the litigation." *Press Publ'g, Ltd. v. Matol Botanical Int'l, Ltd.*, 37 P.3d

1121, 1128 (Utah 2001) (quotations, citation, and alteration omitted). Century and Pacific argue that the legal rights and interests of VAST and Hartford in the state action were not identical and, thus, they were not in privity for *res judicata* purposes. We agree.

Hartford contends that under Utah law, insurers are privies of insureds with regard to facts of underlying liability and facts affecting coverage. The language upon which it relies for this sweeping proposition, however, is dicta contained in a concurring opinion. *See Allstate Ins. Co., v. Ivie*, 606 P.2d 1197, 1203 (Utah 1980) (Stewart, J., concurring). In contrast, this court has recognized that no definition of privity can be "automatically applied in all cases involving the doctrine[] of Res judicata." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1174 (10th Cir. 1979). Thus, to resolve the privity issue, it is necessary to examine the claims asserted against VAST in the state suit.

The state suit was a subrogation action brought by Century and Pacific in Mountain States' name.[3] *See Bakowski*, 52 P.3d at 1185 ("In Utah, by statute an insurer can bring a subrogation action in the name of its insured. The insurer succeeds to the insured's cause of action against a responsible third party." (citation omitted)). The complaint contained, *inter alia*, an

---

[3]Hartford was not a party in the state suit.

allegation that VAST was obligated under the terms of the Lease Agreement to defend and indemnify Mountain States against the claims raised by Ramirez and Bakowski or provide insurance to defend and indemnify Mountain States. Thus, the focus in state court was on the terms of the Lease Agreement and the parties sought a ruling on whether VAST had breached its contractual obligation to Mountain States. Hartford argues that the state court's interpretation of the Lease Agreement would also preliminarily determine whether Hartford had any obligation to provide coverage to Mountain States. According to Hartford, because both VAST and Hartford would escape liability if Appellants' contract claims against VAST failed, their interests were substantially identical and they were in privity for purposes of *res judicata*. Hartford's argument is without merit.

Even assuming that VAST and Hartford initially had identical interests in the subject matter of the state suit, once the state court determined that the Lease Agreement *was* in effect at the time of the Ramirez/Bakowski accident their interests ceased to be identical. Because Hartford had previously denied the tender of the Ramirez/Bakowski claims, their interests, instead, became adversarial. This is evident from the primary argument VAST made in the memorandum supporting the second motion for summary judgment it filed in Utah state court:

In its ruling on Mountain States first Motion for Summary Judgment, this court held that [VAST] should have provided insurance under the terms of its lease with Mountain States. [VAST] did purchase insurance that complies with the requirements of the lease. Two of these policies were issued by the Hartford Insurance Company, and one was issued by Hanover Insurance Company. . . . Therefore, given the existence of these three policies which cover Mountain States, Mountain States is not entitled to summary judgment and in fact these policies support [VAST's] Motion for Summary Judgment. Therefore, because [VAST] purchased insurance policies that cover Mountain States, [VAST] complied with the requirements of the lease, and [VAST] is entitled to summary judgment.

VAST's central focus in the second stage of the state suit was in establishing that it had complied with the terms of the Lease Agreement by purchasing liability insurance that covered Mountain States. VAST's position was directly contrary to Hartford's position that it had no obligation to defend Mountain States against the claims asserted by Ramirez and Bakowski. Thus, VAST's interests in the subject matter of the state suit were not identical to Hartford's interests, and the parties were not in privity for *res judicata* purposes. Accordingly, the second prong of Utah's *res judicata* test has not been met and the claims asserted against Hartford in the federal suit are not barred.

## IV. Conclusion

We **reverse** the district court's grant of summary judgment to Hartford. Appeal No. 02-4180 and Appeal No. 02-4190 are **remanded** to the district

court for further proceedings not inconsistent with this opinion. Appellants'
Motion to Certify Question of Utah State Law to the Utah Supreme Court is
**denied**.